# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 25-mj-8629-WM

IN RE:

~~SEALED COMPLAINT~~

_____/

FILED BY____ SW ____D.C.

Oct 29, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?  No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?  No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY:    */s/ Suzanne Huyler*_____
SUZANNE HUYLER
ASSISTANT UNITED STATES ATTORNEY
Court No. A5503350
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel: (561) 820-8711
Fax: (561) 820-8777
Suzanne.Huyler@usdoj.gov

DE#3

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  25-mj-8629-WM |
| JORDAN DUROSEAU, | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | | |

FILED BY___SW___D.C.

Oct 29, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ August 28, 2025 _____ in the county of _____ Palm Beach _____ in the

____ Southern ____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. § 922(g) | Felon in possession of a firearm and ammunition which has been transported in interstate commerce |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
_Complainant's signature_

Dominick B. Healey, FBI Special Agent
_Printed name and title_

Sworn to and attested to me by applicant by
telephone (Facetime) per the requirements of
Fed. R. Crim. P.4 (d) and 4.1.

Date:   October 29, 2025

_____
_Judge's signature_

City and state:        West Palm Beach, FL        William Matthewman, U.S. Chief Magistrate Judge
_Printed name and title_

I, Dominick B. Healey, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.     I am a Special Agent with the Federal Bureau of Investigation (FBI) and have
been since January 2019.  Before joining the FBI, I also served on active duty as a Military
Police officer in the United States Army from December 2013 to March 2018.   I attended and
graduated from the FBI Basic Field Training Course in Quantico, Virginia, where I received
specialized training necessary to become an FBI Special Agent.  As part of my training, I
received instruction on federal criminal law and the investigation of federal crimes, including
firearms offenses, threats, and other violent crime.  After graduating from the FBI Academy, I
was assigned to the Palm Beach County Resident Agency's Squad PB2, the Violent Crimes and
Major Offender Squad.  In this position, I have participated in hundreds of investigations dealing
with firearms violations, commercial robberies, bank robberies, stalking, written threats, political
assassination, narcotics trafficking, crimes against children, and other violent crimes.

2.     This affidavit is made in support of a Criminal Complaint and Arrest Warrant
charging Jordon DUROSEAU (hereinafter referred to as Duroseau) with felon in possession of a
firearm and ammunition which has been transported in interstate commerce, in violation of Title
18, United States code, Section 922(g).

3.     The facts in this affidavit come from my personal observations, my training and
experience, and information obtained from other law enforcement officers. The limited purpose
of this affidavit is to establish probable cause for the offenses described above. Accordingly, this
affidavit does not set forth every fact that is known to me, or other law enforcement officers.

## PROBABLE CAUSE

4.      On August 28, 2025, DUROSEAU was encountered by deputies of the Palm Beach County Sheriff's Office in the parking lot of Motel 6, located at 1310 West Lantana Road in Lantana, Florida. The deputies had previously attempted to stop a vehicle in the area for a traffic violation, but the vehicle fled and the deputies returned to the Motel 6 to collect witness statements from persons in the area to ascertain the identity of the fled driver.

5.      The deputies approached a Black Lincoln Sedan in the Motel 6 parking lot, which was occupied by two people who had been previously observed interacting with the driver of the fled vehicle.  One of the people was DUROSEAU, and the other was a black female A.F., who was later determined to own the vehicle.  While deputies approached the Lincoln sedan, DUROSEAU exited the driver side of the vehicle, leaving the door open. Upon coming into proximity of the Lincoln sedan, a deputy immediately detected a strong odor of marijuana emanating from the car and requested DUROSEAU's identification.  Deputies informed DUROSEAU and the other female occupant that they were going to search the vehicle and directed them to stand away from the vehicle.

6.      Prior to searching the vehicle, a deputy asked DUROSEAU if he had any items on his person that the deputies should be aware of, specifically asking about potential contents of a green coin purse dangling from the area of DUROSEAU's right hip.  DUROSEAU placed a bottle he was holding on the ground and immediately fled on foot, running through the parking lot directly towards other deputies who were a short distance away.  DUROSEAU was quickly detained and brought to the ground, where he continued to resist by pulling his hands away, tucking them under his torso and towards his waistline. A subsequent search of DUROSEAU's person revealed a Tiffany Green Taurus G2C, a 9mm handgun bearing serial number TLX27948,

located inside of DUROSEAU's right pants pocket.  Additionally, the green coin purse hanging from DUROSEAU's hip contained approximately 6.5 grams of a white powdery substance which subsequently field-tested positive for bath salts.

7.     After being advised of his Miranda rights, DUROSEAU admitted to being a convicted felon, who had served five (5) years in prison for trafficking of narcotics and admitted that he knew was prohibited from carrying a firearm.

8.     Your affiant reviewed DUROSEAU's criminal history sheet (NCIC) as of September 2025. DUROSEAU was previously convicted of twelve (12) felony offenses, which notably included three prior convictions, September 7, 2010, August 27, 2018, and February 8, 2021, for possession of a firearm or ammunition by a convicted felon in violation of Florida State Statute 790.23.1. DUROSEAU was incarcerated in service of prison sentences for felony convictions between October 2010 and August 2012, between January 2013 and February 2013, and between March 2021 and August 2024, for a combined total of approximately 64 months of state incarceration.

9.     Your affiant knows from training and experience that some Taurus firearms are manufactured in Miami, Florida.  However, an E-Trace through the Bureau of Alcohol, Tobacco, and Firearms (ATF) of the aforementioned Taurus handgun seized in this case revealed that it was recorded as having been dealt by a firearms dealer in Missouri to a Missouri resident and therefore travelled in interstate commerce prior to its seizure in Florida.  In addition, on October 27, 2025, an ATF Special Agent provided a preliminary verbal interstate nexus confirmation for aforementioned Taurus handgun seized in this case.

## CONCLUSION

For the reasons set forth above, your affiant respectfully submits there is probable cause to believe DUROSEAU committed the criminal offense of felon in possession of a firearm and ammunition which has been transported in interstate commerce, in violation of Title 18, United States code, Section 922(g).

YOUR AFFIANT SAYETH FURTHER NAUGHT.

Dominick B. Healey
Special Agent, Federal Bureau of Investigation

Sworn and attested to me by applicant by
telephone (Facetime) per the requirements
of Fed.R.Crim.P. 4(d) and 4.1. on October 29th , 2025.

WILLIAM MATTHEWMAN
United States Chief Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: JORDAN DUROSEAU

**Case No**:

Count #: 1

Felon in Possession of a Firearm and Ammunition

Title 18, United States Code, Section 922(g)
* **Max. Term of Imprisonment:** 10 Years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000
* **Special Assessment:** $100 upon conviction

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**